MONROE EVANS v. GEORGE E. COLLAR ET AL.

*Sheriff—Indemnity bond—Levy on exempt property.*

1. A sheriff cannot demand indemnity for levying on exempt property, and is bound to know what his duty is in regard to any claim of exemption by the judgment debtor.[1]
2. A bond reciting a levy on property claimed by other persons than the execution defendant, and conditioned to indemnify the officer for taking and selling goods and chattels which he or his assistants "shall judge to belong to the said adverse parties," is not ambiguous, and cannot be applied to anything beyond its terms.

Error to St. Joseph. (Pealer, J.) Argued June 12, 1889. Decided June 21, 1889.

Assumpsit on indemnity bond. Defendants bring error. Reversed. The facts are stated in the opinion.

*C. W. W. Clarke* and *T. C. Carpenter,* for appellants.

*B. E. & L. F. Andrews,* for plaintiff.

CAMPBELL, J. This suit was brought on an indemnity

[1] How. Stat. § 7711, provides that in case of *reasonable* doubt as to the *ownership* by a judgment debtor of any goods or chattels, or as to their *liability* to be taken upon an execution, the officer may require indemnity, etc. This section applies to writs of attachment, and, in case of a seizure under a promise to furnish the bond, the officer may release his levy on its non delivery. *Smith v. Cicotte,* 11 Mich. 383.

bond given to plaintiff to indemnify him for the service of a writ of execution on a judgment in favor of George E. Collar against Julia Hirschfield. Plaintiff levied on personal property which belonged to her, but which was exempt, and she sued him, and recovered damages for its conversion.

The bond recited the judgment, and that plaintiff had levied on property claimed by other persons than the defendant in the writ. The condition was to save harmless and indemnify plaintiff for taking and selling goods and chattels which he or his assistants " shall judge to belong to the said adverse parties.''

The property here belonged to the defendant in execution, and not to third parties. The sheriff could not demand indemnity for such property, and was bound to know what his duty was in regard to any claim of exemption. He did not procure indemnity against any such claim on behalf of Mrs. Hirschfield. The bond is in no way ambiguous, and cannot be applied to anything beyond its terms.

The judgment below, holding to the contrary, was erroneous, and must be reversed, with costs, and a new trial granted, inasmuch as the bond is not so set out in the declaration as to show the variance.

SHERWOOD, C. J., CHAMPLIN and LONG, JJ., concurred. MORSE, J., did not sit.